**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeremy Frey, | No. CV-22-01053-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Allstate Law Firm PC et al, | |
| Defendants. | |

Plaintiff Jeremy Frey ("Plaintiff") has filed a Motion for Entry of Default Judgment against Defendants Allstate Law Firm P.C., Rick Daniel Adams, and Jane Doe Adams (collectively "Defendants") (Doc. 14). The Motion is unopposed, and the time to file a response has passed. *See* LRCiv 7.2(c). The Court will grant Plaintiff's Motion for the reasons below.

**I.    Background**

Plaintiff worked for Defendants as a paralegal/legal administrator for approximately five (5) years, until March 2022. (Doc. 1 at ¶ 30). Defendants agreed to pay Plaintiff a base salary plus bonuses. (*Id.* at ¶ 31). Plaintiff alleges he was entitled to $1,177.78 for his final pay period of work for Defendants. (*Id.* at ¶ 33). Defendants were required to compensate Plaintiff on March 14, 2022, and to date have failed to do so. (*Id.* at ¶ 35).

Thereafter, Plaintiff filed his Complaint on June 21, 2022. (Doc. 1). The Complaint brought three Counts against Defendants. Count I alleged a violation of the Fair Labor Standards Act ("FLSA"); Count II alleged a violation of the Arizona Minimum Wage Act

("AMWA"); and Count III alleged a violation of the Arizona Wage Act ("AWA"). (*Id.* at 9–12). On July 27, 2022, Plaintiff served Defendant via the Arizona Corporation Commission. (Doc. 6). Plaintiff filed a Motion for Alternative Service on August 31, 2022. (Doc. 7). The Court granted the motion on November 18, 2022. (Doc. 8). Defendants Rick Daniel Adams and Jane Doe Adams were served on November 28, 2022. (Docs. 9; 9-1). Defendants did not respond or otherwise appear in this action. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

On January 5, 2023, Plaintiff filed an application for entry of default. (Doc. 11). On January 10, 2023, the Clerk entered default against Defendants. (Doc. 12). On February 24, 2023, Plaintiff filed a Motion for Default Judgment (Doc. 14); Defendants did not file a Response.

## II.     Default Judgment

Federal Rule of Civil Procedure 55(b)(2) governs applications for default judgment. Entry of default judgment is within a court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Before assessing the merits of a plaintiff's motion for default judgment, the Court must confirm that it has subject-matter jurisdiction over the case and personal jurisdiction over the defendant. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Once a court finds jurisdiction, it must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and, (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Upon entry of default, the factual allegations in a complaint, except those relating to damages, are deemed admitted. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917 (9th Cir. 1987).

## III.    Jurisdiction and *Eitel* Analysis

The Court will first confirm that it has subject matter jurisdiction over the case and personal jurisdiction over Defendants.

### A. Subject Matter Jurisdiction

Federal courts have jurisdiction under 28 U.S.C. § 1331 when civil actions arise under the Constitution, laws, or treaties of the United States. Federal courts also have jurisdiction over state law claims when they are so related to claims over which the Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. *See* 28 U.S.C. § 1367. Plaintiff, a citizen of Arizona, brings a FLSA federal law action accompanied by AMWA and AWA state law actions. (Doc. 1 at 9–12). It follows that the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1367.

### B. Personal Jurisdiction

The Court must now determine whether it has personal jurisdiction over Defendants. "It is the plaintiff's burden to establish the court's personal jurisdiction over a defendant." *Donell v. Keppers*, 835 F. Supp. 2d 871, 876 (S.D. Cal. 2011) (quoting *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).

The Court finds it has personal jurisdiction over Defendant Allstate Law Firm P.C. and Defendant Rick Adams. The Court does not, however, have jurisdiction over Jane Doe Adams.[1] Plaintiff is an individual residing in Maricopa County, Arizona. (Doc. 1). Defendant Allstate Law Firm P.C. is a professional corporation duly licensed in the State of Arizona. (*Id.* at ¶ 8). At all material times, Defendant does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona. (*Id.*) Plaintiff also alleges "Defendants regularly conduct business in and have engaged in the wrongful conduct alleged here—and, thus, are subject to personal

---

[1] Plaintiff also seeks default against Jane Doe Adams, who remains unnamed. Default judgments cannot be entered against unnamed or fictitious parties because they have not been properly served. *Flythe v. Solomon & Strauss, LLC*, at *1 (E.D. Pa. June 8, 2011) (collecting cases); *Sanders v. Gilbert*, 46 F.3d 1145 (9th Cir. 1995) (entry of default judgment is inappropriate against a fictitious party defendant).

jurisdiction in—this judicial district." (Doc. 1 at ¶ 6). The Court thus finds it has personal jurisdiction over Defendants. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 317 (1945). Having found subject matter jurisdiction and personal jurisdiction over Defendants, the Court will proceed to evaluate the *Eitel* factors to assess the merits of Plaintiff's Motion for Default Judgment.

### a. Possible Prejudice

Here, the first factor weighs in favor of granting Plaintiff's Motion because Plaintiff will be prejudiced if this case remains unresolved. The record reflects that Plaintiff properly served Defendant. (Docs. 6; 9). Defendant has not responded to this action. If the motion is not granted, Plaintiff "will likely be without other recourse for recovery." *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### b. Merits of Plaintiff's Claim and Sufficiency of Complaint

"Under an *Eitel* analysis, the merits of plaintiff's substantive claims and the sufficiency of the complaint are often analyzed together." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1048 (N.D. Cal. 2010). The second and third *Eitel* factors favor a default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978)); *PepsiCo, Inc.*, 238 F. Supp. 2d at 1175. "Upon entry of default, the facts alleged to establish liability are binding upon the defaulting party." *Danning*, 572 F.2d at 1388. "However, it follows from this that facts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." *Id.* The second and third *Eitel* factors also weigh in favor of granting the Motion. These factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

### i. FLSA Claim

"To establish a minimum-wage or overtime violation of the FLSA, Plaintiff must establish three elements: (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages." *Smith*

*v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020) (citing 29 U.S.C. §§ 206(a), 207(a)).  Plaintiff alleges Defendants violated the FLSA.  (Doc. 1 at 9–10).[2] Plaintiff alleges that at all relevant times he was an employee of the Defendants as defined by the FLSA.  (*Id.* at ¶ 16).  Plaintiff worked as a paralegal/administrator for Defendants for about five years.  (*Id.* at ¶ 30).  Plaintiff also alleges that he is a covered employee within the FLSA's meaning.  (*Id.* at ¶ 43).  The factual allegations of the Complaint are taken as true because the Clerk entered default.  *Televideo Sys.*, 826 F.2d at 917–18.  Plaintiff has accordingly demonstrated that Defendants failed to pay him minimum wage.  (Doc. 1 at ¶ 40).  Thus, based on the facts described in the Motion and in the Complaint, Plaintiff has pled a *prima facie* case that Defendants violated the FLSA.

### ii. AMWA Claim

Similarly, to bring an AMWA claim, a plaintiff must demonstrate that "she was: (1) employed by the defendant, and (2) the defendant failed to pay minimum wage." *Verduzco v. Value Dental Centers Mesa West AZ LLC*, 2021 WL 4222005, at *2 (D. Ariz. Sept. 16, 2021) (citing A.R.S. § 23-363).  Plaintiff alleges Defendants violated the AWMA.  (Doc. 1 at 10–11).  Plaintiff alleges that at all relevant times he was an employee of the Defendants as defined by the AMWA.  (*Id.* at ¶ 20).  Plaintiff also alleges that he is a covered employee within the meaning of the AMWA.  (*Id.* at ¶ 44).  The factual allegations of the Complaint are taken as true because the Clerk entered default.  *Televideo Sys.*, 826 F.2d at 917–18.  Plaintiff has accordingly demonstrated that Defendants failed to pay him minimum wage.  (Doc. 1 at ¶ 41).  Thus, based on the facts described in the Motion and in the Complaint, Plaintiff has pled a *prima facie* case that Defendants violated the AWMA.

### iii. AWA Claim

Last, to bring an AWA claim, a plaintiff must establish that their employer failed to pay wages within a specific time.  *Valenzuela v. Esser*, 2023 WL 2815548, at *3 (D. Ariz.

---

[2] Plaintiff may bring a claim against Rick Adams as an individual under the FLSA and AMWA, but not under the AWA.  *See Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590, at *5–6 (D. Ariz. July 15, 2021) (noting individual liability exists under the AMWA and FSLA but not under the AWA); *see also Hetland v. Hirsch*, 2022 WL 657354, at *5 (D. Ariz. Mar. 4, 2022) (demonstrating that a judgment may be issued against companies and individuals according to the FLSA and AMWA).

Mar. 14, 2023). Plaintiff alleges Defendants violated the AWA. (Doc. 1 at 12). Plaintiff alleges that at all relevant times he was an employee of the Defendants as defined by the AWA. (*Id.* at ¶ 22). Plaintiff also alleges that he is a covered employee within the meaning of the AWA. (*Id.* at ¶ 45). The factual allegations of the Complaint are taken as true because the Clerk entered default. *Televideo Sys.*, 826 F.2d at 917–18. Plaintiff has accordingly demonstrated that Defendants failed to pay him minimum wage. (Doc. 1 at ¶ 42). Thus, based on the facts described in the Motion and in the Complaint, Plaintiff has pled a *prima facie* case that Defendants violated the AWA.

### c. Money at Stake

Regarding the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of a defendant's conduct. *See PepsiCo, Inc*, 238 F. Supp. 2d at 1176. "If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored." *Gemmel v. Systemhouse, Inc.*, 2008 WL 65604, at *4 (D. Ariz. Jan. 3, 2008).

Plaintiff seeks his salary of $777.78 plus a performance bonus of $400.00, for a total of $1,177.78. (Doc. 1 at 6). This sum is proportionate to the work performed by the Plaintiff as evidenced by the Declaration and pay stub. (Doc. 14-1). Therefore, the fourth *Eitel* factor weighs in favor of entry of default judgment.

### d. Potential Disputes of Material Fact

There are no disputes of material fact considering that Defendants, who have been served, have not responded to the Motions for Default or Default Judgment, and have failed to defend this matter. The fifth factor therefore supports entry of default judgment.

### e. Excusable Neglect

Similarly, the sixth factor supports entry of default judgment because there is no evidence that Defendants' default was due to excusable neglect. Rather, the record reflects that Defendants were properly served and provided ample time to answer or defend. (Docs. 6; 9). They failed to do so. There is no evidence of excusable neglect for Defendants' failure to defend this case. This factor weighs in favor of entering default judgment.

### f. Policy Favoring Decision on the Merits

As to the final factor, the Court considers the public policy that cases should be tried on the merits whenever possible. *Eitel*, 782 F.2d at 1472. Rule 55(b), however, indicates that this policy is not absolute. *PepsiCo, Inc*, 238 F. Supp. 2d. at 1177. Defendants' failure to defend this matter and abide by Court Orders makes a decision on the merits impossible. *See e.g.*, *Dr. JKL Ltd.*, 749 F. Supp. 2d at 1051 (finding defendants "failure to comply with the judicial process makes a decision on the merits likely impossible"). The Court is mindful of the preference for resolving cases on their merits, but Defendants have not responded here and thus made that task impossible. Therefore, the Court finds this factor weighs in favor of granting default judgment.

Overall, the Court finds the *Eitel* factors support entry of default judgment in favor of Plaintiff.

## IV. Damages

Having found that entry of default judgment is proper, the Court must now determine Plaintiff's damages. In contrast to the other allegations in a complaint, allegations pertaining to damages are not automatically taken as true. *TeleVideo Sys., Inc.*, 826 F.2d at 917–18. "The plaintiff is required to provide evidence of its damages, and the damages sought must not be different in kind or amount from those set forth in the complaint." *Amini Innovation Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1054 (C.D. Cal. 2011); Fed. R. Civ. P. 54(c). "The Court may enter a default judgment without a damages hearing when . . . 'the amount claimed is a liquidated sum or capable of mathematical calculation.'" *Capitol Specialty Ins. Corp. v. Chaldean LLC*, 2022 WL 2953062, at *6 (D. Ariz. July 26, 2022) (quoting *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013)); *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). The Complaint sought payment of minimum wage, an additional amount for liquidated damages, interest, as well as an award of attorney fees and costs. (Doc. 1 at ¶¶ 52–65).

The damages Plaintiff seeks in the Motion do not differ in kind from what was initially demanded in the Complaint. (*Compare* Doc. 1 at 12 *with* Doc. 14 at 8). Plaintiff

argues that his Arizona minimum wage damages are $585.60, the product of 45.75 hours times Arizona's minimum wage of $12.80 per hour. (Doc. 14-1 at ¶ 15).

Plaintiff also seeks liquidated damages for the AMWA claim. (*Id.*) Arizona law requires "an additional award that is equal to twice the underpaid wages . . . ." A.R.S. § 23-364(G). As his underpaid wages are $585.60, an additional award equal to twice that amount would be $1,171.20. Therefore, the total award would amount to $1,756.80. ($585.60 + ($585.60 x 2)). Plaintiff notes that because the award for the AWA claim engulfs the minimum wage damages under the FLSA and AMWA, he is owed total damages of $3,533.34 ($1,177.78 x 3) in unpaid federal minimum wages, state minimum wages, and other wages.[3] (Doc. 14-1 at ¶ 16). The Court agrees and will enter judgment against Defendant in the amount of $3,533.34.

The requested damages are a definite sum comprised of the trebled unpaid wages. (Doc. 14 at 7). The requested damages are supported by the Declaration of Plaintiff Jeremy Frey, and the invoice attached to the Complaint. (Doc. 14-1 at 2–3, 6). *See Doe v. United States*, 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff[.]") (citing *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal 2003)). The Court will also award post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

In sum, the Court finds that Plaintiff's Motion, the Declaration of Jeremy Frey, and the attached exhibit sufficiently establish the amount of damages. (Docs. 14, 14-1). The Court will therefore enter default judgment against Defendants in the amount of $3,533.34, plus post-judgment interest. The Court will also allow Plaintiff's Counsel to file a motion for attorneys' fees.

Accordingly,

---

[3] Plaintiff claims $331.69 in damages under the FLSA ($7.25 x 45.75) plus an additional $331.69 in liquidated damages for a total of $663.38. (Doc. 14-1 at ¶ 14). He further claims $777.78 for his regular wages, plus an additional $400.00 performance bonus, totaling $1,177.78. (*Id.* at ¶¶ 8, 11).

- 8 -

**IT IS HEREBY ORDERED** that Plaintiff Jeremy Frey's Application for Entry of Default Judgment (Doc. 14) is **granted**. The Clerk of Court is kindly directed to enter default judgment in favor of Plaintiff Jeremy Frey and against Defendants Allstate Law Firm P.C. and Rick Daniel Adams in the amount of $3,533.34.

**IT IS FURTHER ORDERED** that Plaintiff is awarded post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. 1961(a).

**IT IS FINALLY ORDERED** that Plaintiff may file a motion for costs and attorneys' fees within **fourteen (14) days** of the entry of this Order pursuant to Local Rule of Civil Procedure 54.2.

Dated this 29th day of August, 2023.

_____
Honorable Diane J. Humetewa
United States District Judge